UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RAUL RIVERA,

                                    Plaintiff,                    **OPINION & ORDER**

        - against -                                              No. 21-CV-1193 (CS) (JCM)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
-------------------------------------------------------------x

<u>Appearances</u>:

Daniel Berger
Bronx, New York
*Counsel for Plaintiff*

Padma Ghatage
Special Assistant United States Attorney
New York, New York
*Counsel for Defendant*

<u>Seibel, J.</u>

        Before the Court are the objections of Plaintiff Raul Rivera, (ECF No. 30), to the Report

and Recommendation of United States Magistrate Judge Judith C. McCarthy, (ECF No. 27 (the

"R&R")), recommending that this Court deny Plaintiff's motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c) and grant the cross-motion for the same relief

of the Commissioner of Social Security (the "Commissioner").  For the reasons discussed below,

the Court adopts in part and rejects in part the R&R, and remands this case to the Commissioner.

I.     **DISCUSSION**

    A.     **Standard of Review**

        1.     **Review of a Report and Recommendation**

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)), *aff'd sub. nom. Hochstadt v. N.Y. State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object." *J.P.T. Auto., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

2.      **Review of a Social Security Claim**

In reviewing a Social Security claim, the reviewing court does not "determine *de novo* whether [the] plaintiff is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (cleaned up).  Rather, it considers merely "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (cleaned up), *amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005).  Accordingly, a court may overturn the determination of an Administrative Law Judge ("ALJ") only if it was "based upon legal error" or "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (cleaned up).  "Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  This is "a very deferential standard of review – even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).  In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (cleaned up).

B.      <u>**Analysis**</u>

The Court adopts the recitation of facts and procedural history set forth by Judge McCarthy in the R&R (*see* R&R at 1-46), and assumes the parties' familiarity with it.  The Court will repeat only those facts relevant to the consideration of Plaintiff's objections.

Plaintiff objects to Judge McCarthy's recommendation that Defendant's motion be granted and Plaintiff's motion be denied on the grounds that Judge McCarthy erred, first, in

concluding that the ALJ correctly excluded evidence regarding Plaintiff's anticipated off-task time and absences when determining his mental residual functional capacity ("RFC") and, second, in finding no error in the ALJ's conclusion that the opinions of Dr. Malik, Dr. Cohen, and Nurse Practitioner ("NP") Bae were unpersuasive.  The Court finds that these objections are sufficiently detailed to allow meaningful *de novo* review.  *See Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

## 1.    Consideration of Time Off-Task/Absence Evidence

Dr. M. Juriga, a consultative examiner, performed Plaintiff's Mental Residual Functional Capacity Assessment on October 24, 2017.  (ECF Nos. 15 through 15-8 (the "Record" or "R.") at 140-42.)  After reviewing Plaintiff's records, Dr. Juriga concluded, among other things, that Plaintiff would have moderate limitations in:  (1) remembering locations and work-like procedures, (2) understanding and remembering detailed instructions, (3) carrying out detailed instructions, (4) maintaining attention and concentration for extended periods, (5) performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances, (6) completing a normal workday and workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and lengths of rest periods, and (7) responding appropriately to changes in the work setting.  (*Id.*)  Dr. Juriga concluded that Plaintiff "retains the mental capacity for simple, unskilled work."  (*Id.* at 142, 156.)

The ALJ found the opinion of Dr. Juriga persuasive, determining that his findings were consistent with the overall evidence in Plaintiff's file.  (*Id*. at 24.)  The ALJ concluded that Plaintiff had the mental RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:  (1) "limited to simple, routine tasks that are not at a

product rate pace (e.g., assembly line work)"; (2) "tolerate no more than occasional changes in the work setting"; and (3) "no more than frequent interaction with supervisors, co-workers, and the public." (*Id.* at 17-18.)

In his motion for judgment on the pleadings, Plaintiff argues that Dr. Juriga's opinions support the conclusion that Plaintiff does not have the mental RFC to perform full-time work based on Plaintiff's limitations in staying on task and attending work. (ECF No. 21 ("P's Mem.") at 22.) First, Plaintiff points out that Dr. Juriga opined that Plaintiff has "moderate" limitations in completing a workday without interruptions from psychologically based symptoms, maintaining regular attendance, and performing at a consistent rate without an unreasonable number and length of rest periods. (P's Mem. at 23.) Second, Plaintiff highlights the vocational expert's testimony that an employer would not tolerate a person being off-task more than 5% of the time or absent more than one day per month. (*Id.* (citing R. at 64).) Given Plaintiff's "moderate limitations," Plaintiff concludes that "the ALJ should have found that plaintiff would have been off task more than 5% of the time and/or absent more than one day a month," which would prevent him from maintaining full-time employment and render him disabled. (*Id.*)

In the R&R, Magistrate Judge McCarthy addressed this issue and recommended finding that the ALJ did not commit legal error when declining to include off-task/absence evidence in Plaintiff's RFC, agreeing with the ALJ that "'such limitations were not supported by the medical record.'" (R&R at 52 (quoting *Renalda R. v. Comm'r of Soc. Sec.*, No. 20-CV-915, 2021 WL 4458821, at *11 (N.D.N.Y. Sept. 29, 2021).) But Dr. Juriga's assessment, which the ALJ determined was persuasive, did include such limitations – specifically, that Plaintiff had moderate limitations in maintaining regular attendance at work, adhering to a schedule,

maintaining attention and concentration for extended periods, and completing a normal workday without interruptions or unreasonable lengths of rest period.  (R. at 140-42.)  A "moderate" limitation is more than a "mild" one but less than a "marked" one.  (*Id.* at 873.)  Dr. Juriga's assessment supports the conclusion that Plaintiff would experience *some* appreciable limitation in attending work and staying on task but is unclear as to what degree.

Magistrate Judge McCarthy also found that Plaintiff's argument that Dr. Juriga's opinion supports the conclusion that Plaintiff would have been off-task more than 5% of the time and/or absent more than one day a month was "wholly speculative."  (R&R at 53.)  In reaching this conclusion, Magistrate Judge McCarthy cited to *Swanson v. Commissioner of Social Security*, No. 18-CV-870, 2020 WL 362928, at * 5 (W.D.N.Y. Jan. 21, 2020), in which the Court upheld the ALJ's RFC assessment even though it did not include time-off-task evidence, finding that "there is no medical opinion or other evidence in the record to suggest that Plaintiff's limitations would cause Plaintiff to be off-task 15 percent or more of the day" and "[a]s such, Plaintiff's argument is wholly speculative."  *Id.*  The speculation in *Swanson* was a product of Plaintiff's unsupported argument that "Plaintiff's marked inability to function in a work setting along with the moderate limitation to maintain attention and concentration will no doubt limit her ability to stay on-task throughout the workday and workweek."  *Id.* (cleaned up).  But here there are multiple medical opinions in the record, including Dr. Juriga's assessment on which the ALJ purported to rely, that explicitly state that Plaintiff would experience limitations in maintaining regular attendance and staying on-task.  (R. at 140-42 (Dr. Juriga opining that Plaintiff had moderate limitations in maintaining regular attendance at work and completing a normal workday without interruptions or unreasonable lengths of rest period); *id.* at 873-74 (Dr. Malik opining that Plaintiff would miss one day of work per month due to mental impairments and

assessing "marked loss" in Plaintiff's ability to maintain regular attendance and be punctual); *id.* at 871 (NP Bae opining that Plaintiff would miss three days of work a month due to physical impairments); *id.* at 835 (Dr. Cohen assessing mild limitations in Plaintiff's ability to sustain an ordinary routine and regular work attendance and marked limitations in sustaining concentration and performing a task at a consistent pace).)[1]

The degree to which Plaintiff is limited is unclear here because Dr. Juriga did not quantify how the "moderate" limitation would affect Plaintiff's real-world attendance and concentration, and seemingly was not asked to do so. Without that information, it is not apparent how the limitations Dr. Juriga described were nevertheless compatible with employment. Where, as here, there is evidence of off-task/absence limitations and there is ambiguity as to what extent Plaintiff is limited, it is the duty of the ALJ to develop the record. *See Sanchez v. Comm'r of Soc. Sec.*, No. 18-CV-2027, 2019 WL 4673740, at *8 (S.D.N.Y. Sept. 25, 2019) ("[T]he ALJ must seek additional evidence or clarification where the documentation from a claimant's treating physician, psychologist, or other medical source is inadequate to determine whether the claimant is disabled.") (cleaned up); *Hidalgo v. Colvin*, No. 12-CV-9009, 2014 WL 2884018, at *4 (S.D.N.Y. June 25, 2014) ("This duty to develop the record is particularly important where an applicant alleges he is suffering from mental illnesses, due to the difficulty in determining whether these individuals will be able to adapt to the demands or 'stress' of the workplace.") (cleaned up). Accordingly, "the ALJ's failure to address the issue of how much time Plaintiff would miss in a month based on his ailments . . . was legal error." *Guzman v.*

---

[1] Dr. Juriga adopted Dr. Cohen's opinion as supported by the medical evidence, (R. at 137-38), but did not reconcile his findings with Dr. Cohen's.

*Comm'r of Soc. Sec.*, No. 20-CV-7420, 2022 WL 2325908, at *10 (S.D.N.Y. June 10, 2022),

*report and recommendation adopted*, 2022 WL 2316643 (S.D.N.Y. June 28, 2022).

Accordingly, the Court declines to adopt the R&R as to the ALJ's exclusion of the off-time/absence evidence and remands for further administrative proceedings consistent with this Opinion & Order.  *See Rosa*, 168 F.3d at 82-83 ("Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Commissioner for further development of the evidence.") (cleaned up).

### 2.    Evaluation of Medical Opinions

Plaintiff further objects to Judge McCarthy's evaluation of the ALJ's findings that the opinions of Dr. Malik, Dr. Cohen, and NP Bae were not persuasive.  Having conducted a *de novo* review of Judge McCarthy's thorough R&R, as well as Plaintiff's objections, the applicable case law, and the underlying record, the Court concludes that Judge McCarthy did not err in finding that the ALJ did not err in regarding the opinions of Dr. Malik, Dr. Cohen, and NP Bae unpersuasive.

"For benefits applications filed before March 27, 2017, the SSA's regulations required an ALJ to give more weight to those physicians with the most significant relationship with the claimant."  *White v. Comm'r of Soc. Sec.*, No. 20-CV-6222, 2022 WL 951049, at *5 (S.D.N.Y. Mar. 30, 2022).  Under the so-called "treating physician rule," if the ALJ declined to afford controlling weight to a treating physician's medical opinion, the ALJ had to consider various factors to determine how much weight to give to the opinion.  *Kevin E. v. Comm'r of Soc. Sec.*, 528 F. Supp. 3d 104, 108-09 (W.D.N.Y. 2021).  Under the new regulations, however, "the Commissioner no longer needs to assign particular evidentiary weight to the various treating sources in a medical record and their opinions."  *Acosta Cuevas v. Comm'r of Soc. Sec.*, No. 20-

CV-502, 2021 WL 363682, at *9-10 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted sub nom. Cuevas v. Comm'r of Soc. Sec.*, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022). Nevertheless, the Commissioner still must consider the following factors when considering medical opinions: (1) supportability, (2) consistency, (3) relationship with the claimant (which requires consideration of five sub-factors), (4) specialization, and (5) other factors. 20 C.F.R. §§ 404.1520c(c), 416.920c(c). But "unlike the previous regulation, an ALJ is now required to explain her approach to the first two factors when considering a medical opinion, but need not expound on the consideration given to the rest of the factors." *Acosta Cuevas*, 2021 WL 363682, at *9.

> With respect to the two required factors, the new rules provide that, for supportability, the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase. Simply put, supportability is an inquiry confined to the medical source's own records that focuses on how well a medical source supported and explained their opinion. As for consistency, the new rules provide that the greater the consistency between a particular medical source/opinion and the other evidence in the medical record, the stronger that medical opinion becomes. Simply put, consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.

*Vellone v. Saul*, No. 20-CV-261, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (cleaned up), *report and recommendation adopted*, 2021 WL 2801138 (S.D.N.Y. July 6, 2021). "As to the three remaining factors – relationship with the claimant, specialization, and 'other' – the ALJ is required to consider, but need not explicitly discuss, them in determining the persuasiveness of the opinion of a medical source." *White*, 2022 WL 951049, at *6.

The Court finds, for the reasons laid out by Magistrate Judge McCarthy in the R&R, (R&R at 57-61, 65-67), that the ALJ properly considered the relevant 20 C.F.R. § 404.1520c(c) factors and explained his approach as to the first two factors – supportability and consistency – for each of the medical opinions at issue. The ALJ aptly noted that Dr. Malik, Plaintiff's alleged

treating mental health provider, only met Plaintiff on February 8, 2019 – the same day that he completed the medical source statement – and opined on impairments dating back to 2004 despite not treating Plaintiff during that time.  (R. at 25-26).  He also noted that the physical restrictions noted by NP Bae were inconsistent with Plaintiff's reports of running, lifting weights and boxing.  (*Id.* at 30.)  While the report of consultant Dr. Cohen did not suffer from such glaring issues, the ALJ explained in detail how all three of the medical opinions were inconsistent with the overall record.  *(Id.* at 23-26, 30).  "An ALJ's decision is sufficient where it is clear from the ALJ's written determination that the ALJ considered conflicting evidence, but simply did not draw the conclusions that Plaintiff thinks he should have."  *Disla v. Comm'r of Soc. Sec.*, No. 20-CV-6663, 2022 WL 1063753, at *15 n.5 (S.D.N.Y. Feb. 4, 2022), *report and recommendation adopted*, 2022 WL 1063067 (S.D.N.Y. Mar. 30, 2022); *see Goldman v. Saul*, No. 18-CV-6891, 2019 WL 7945731, at *21 (S.D.N.Y. Aug. 26, 2019), *report and recommendation adopted sub nom. Goldman v. Berryhill*, 2020 WL 763658 (S.D.N.Y. Feb. 13, 2020) ("The Court finds that the ALJ's decision thoroughly discussed the medical evidence in the record, including contrary findings.  Given the fulsome recitation of the medical record contained in the ALJ's decision, the ALJ's acknowledgement of the more extreme medical opinions and findings, and the ALJ's explanations for weighing the evidence, the Court does not find that the ALJ cherry-picked evidence in support of his conclusions."); *Miller v. Colvin*, No. 15-CV-6249, 2016 WL 4478690, at *16 (W.D.N.Y. Aug. 25, 2016) ("[The plaintiff] simply disagrees with the ALJ's conclusions; in essence, [she] invites the court to re-weigh evidence and come to a different conclusion than did the ALJ.  That invitation must be declined, since a reviewing court defers to the Commissioner's resolution of conflicting evidence.") (cleaned up).

## II.      **<u>CONCLUSION</u>**

For the reasons set forth above, the Court adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge, and remands the action to the Commissioner for further development of the record in accordance with this order.  Plaintiff's motion for judgment on the pleadings is granted to the extent of the remand, and the Commissioner's motion for judgment on the pleadings is denied.  The Clerk shall terminate the pending motions (ECF Nos. 20, 24.)

**SO ORDERED.**

Dated:  September 27, 2022
       White Plains, New York

                                        _____
                                        CATHY SEIBEL, U.S.D.J.